# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JIMENEZ,<br><br>    Petitioner,<br><br>    v.<br><br>TAMMY L. CAMPBELL,<br><br>    Respondent. | Case No. 1:23-cv-01367-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITIONER'S MOTION FOR <u>RHINES</u> STAY AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>(ECF No. 2)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner challenges his convictions sustained in the Madera County Superior Court for sex offenses committed against minors. Petitioner was sentenced to an indeterminate imprisonment term of ninety years to life. (ECF No. 1 at 2–3.)[1] On September 18, 2023, Petitioner filed a federal petition for writ of habeas corpus, raising a claim of ineffective assistance of trial counsel on various grounds. (ECF No. 1-1 at 19–23.) That same day, Petitioner also filed a motion for a stay pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). (ECF No. 2.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner acknowledges that his ineffective assistance of counsel claim is unexhausted, (ECF No. 1-1 at 11), and requests a stay pursuant to Rhines v. Weber, (ECF No. 2). Under Rhines, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78.

With respect to good cause, the motion for stay argues:

> Petitioner respectfully submits that he has established good cause for failing to exhaust Ground One in state court since Petitioner did not retain undersigned counsel until November 2022, at which time his judgment of sentence was not yet final. Undersigned counsel was required to investigate Petitioner's case and review the entirety of the record before levying the claims contained in Ground One. Petitioner was not aware of the particulars of these claims until he was informed of these claims by undersigned counsel. Petitioner is an individual who lacks legal training and knowledge and could not be expected to have been aware that he possessed meritorious factual and legal claims.

(ECF No. 2 at 4.)

"The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[2] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)." Dixon, 847 F.3d at 720. "A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Dixon, 847 F.3d at 720. Thus, the Ninth Circuit has found that for federal habeas petitioners who conducted their state post-conviction proceedings pro se, "the first element of the Rhines test can easily be established to the extent that they were without counsel." Id. at 722.

Proceeding pro se in state post-conviction proceedings, Dixon, 847 F.3d at 721–22, and a "petitioner's reasonable confusion about whether a state filing would be timely," Pace, 544 U.S. at 416, may constitute "good cause." Here, however, Petitioner retained counsel even before his judgment became final. Therefore, as Petitioner had retained counsel in a timely manner, Petitioner's lack of legal training or knowledge would not be the cause for any failure to exhaust, much less constitute "good cause." Accordingly, the Court finds that Petitioner is not entitled to a Rhines stay[3] and the petition should be dismissed without prejudice for failure to exhaust.

---

[2] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

[3] The Court notes that Petitioner also would not be entitled to stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), in which a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Petitioner's motion for a stay (ECF No. 2) be DENIED; and

2. The petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 13, 2023**

UNITED STATES MAGISTRATE JUDGE

---

been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly exhausted claims. Kelly, 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). Although Kelly "does not require that a petitioner show good cause for his failure to exhaust state court remedies," King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009), the Kelly procedure is only available for mixed petitions that contain both exhausted and unexhausted claims given that the second step requires the Court to stay and hold in abeyance an amended, fully exhausted petition. Here, the petition is completely unexhausted. Accordingly, Petitioner is not entitled to a Kelly stay.