UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JIMENEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TAMMY L. CAMPBELL,<br><br>　　　　　Respondent. | No. 1:23-cv-01367-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 2, 6) |

David Jimenez, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge issued findings and recommendations recommending that Petitioner's motion to stay be denied and the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state judicial remedies. (Doc. 6.) Petitioner filed timely objections. (Doc. 7.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court holds the findings and recommendation to be supported by the record and proper analysis.

1

*Rhines v. Weber*, 544 U.S. 269 (2005), provides that "stay and abeyance" is available only in "limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017).

In the objections, Petitioner argues for the first time that his case is akin to *Blake v. Baker*, 745 F.3d 977 (9th Cir. 2014), where 'evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts,' . . . established good cause for a *Rhines* stay." (Doc. 7 at 2–3 (quoting *Blake*, 745 F.3d at 983).) The petitioner in *Blake* asserted that he failed to exhaust his ineffective assistance of trial counsel claim because his state post-conviction counsel was ineffective and failed to investigate and retain experts to discover facts underlying his unexhausted ineffective assistance of trial counsel claim. *Blake*, 745 F.3d at 982–83. A showing that post-conviction counsel was ineffective under the standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), establishes good cause for failure to exhaust. *Blake*, 745 F.3d at 983. Here, however, Petitioner has not made a showing that *post-conviction* counsel was ineffective under the *Strickland* standard.

Petitioner also argues that "Respondents typically argue that claims are untimely" and thus, "Petitioner harbors reasonable confusion about whether his claims will be found timely," which satisfies the good cause requirement. (Doc. 7 at 3.) In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court stated that a "petitioner's reasonable confusion about whether *a state filing would be timely* will ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. at 416 (emphasis added). Here, Petitioner does not argue that he harbors reasonable confusion about whether his *state* habeas filing would be timely.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.

§ 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on October 16, 2023 (Doc. 6) are **ADOPTED IN FULL**.
2. Petitioner's motion to stay (Doc. 2) is **DENIED**.
3. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.
4. The Clerk of Court is directed to **CLOSE THE CASE.**
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 21, 2023**                                   /s/ Jennifer L. Thurston
                                                                UNITED STATES DISTRICT JUDGE